Hon. C. W. Norrid, June 7, 1939, Page 3

specific and designated purposes, is found in Article 7048, Revised Civil Statutes, 1925.

Article 1828, Revised Civil Statutes, 1925, provides that the funds received by the county treasur-er shall be classified; first, all jury fees, all moneys received from the sale of estrays, and occupation taxes; second, all moneys received under any of the provisions of the road and bridge law, including the penalties recovered from railroads for failing to repair crossings, and all fines and forfeitures, and third, all moneys received not otherwise appropriated to the respective classes as designated in Article 1626 or by the commissioners' court. Article 1629, Revised Civil Statutes of Texas, 1925, provides that the commissioners' court may cause such other accounts to be kept, creating other classes of funds as it may deem proper and require the script to be issued against the same and registered accordingly.

Article 1630, Revised Civil Statutes, 1925, provides:

"The commissioners court by an order to that effect may transfer the money in hand from one fund to another, as it may deem necessary and proper, except that the funds which belong to class first shall never be diverted from the payment of the claims registered in class first, unless there is an excess of such funds."

We do not find any authority for making a distinction between funds to receive delinquent taxes or taxes collected by tax judgments and those collected before becoming delinquent. The county treasurer shall receive such funds and pay and apply the same as the law requires. By the receiving of such moneys "from whatever source", the statute makes no distinction between general and special funds but explicitly requires that all moneys belonging to the county shall be received and paid out by the county treasurer under the direction of the commissioners' court. This provision, though it directs the paying

out of money, would not authorize a diversion of such funds.

The Supreme Court of this state has clearly drawn a distinction between constitutional and statutory funds, holding that the commissioners' court, under Article 1630, supra, is not authorized to direct the transfer from one constitutional fund of money received from taxes levied ostensibly for one purpose into another fund or expended for another and distinct purpose. Such authority granted in said statute was therefore held to apply only to statutory funds and the commissioners' court is authorized to make only such transfers of funds as by statute are specifically enumerated. The case of Carroll vs. Williams, 109 Tex. 155, 202 SW 504 is directly in point as to the question submitted, expressly holding that Article 8, Section 9 of the Constitution of Texas, supra, inhibits any and all transfers of tax money from one to another of the several classes of funds therein authorized, and as a sequence, the expenditure, for one purpose therein defined, of tax money raised ostensibly for another such purpose. Under the authority cited, it would be the duty of the county treasurer to apportion such moneys collected accordingly as in the years in which the levy was made, to the various funds for the specific purposes therein designated and the county treasurer would be unauthorized to transfer or place moneys levied for different purposes into the general fund of the county.

It is, therefore, the opinion of this department that all delinquent tax moneys collected by tax suits, should be apportioned to the various funds designated for specific purposes as authorized by Article 8, Section 9 of the Constitution of Texas at the time the levy was made. The commissioners' court is unauthorized to order that such moneys, levied for specific purposes

Hon. C. W. Norris, June 7, 1939, Page 5


other than county purposes, be credited to the general fund.

Trusting the above answers your question, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. R. King
Assistant

WmK:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN